# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TYQUAN MATTHEWS, | § |
| | § No. 45, 2017 |
| Defendant Below- | § |
| Appellant, | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware |
| STATE OF DELAWARE, | § |
| | § Cr. ID Nos. 1207018108 and |
| Plaintiff Below- | § 1207019149 (S) |
| Appellee. | § |

Submitted: July 14, 2017
Decided: July 26, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 26th day of July 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) In February 2013, the appellant, Tyquan Matthews, pled guilty to multiple criminal offenses, including first degree robbery, arising from two separate indictments. The Superior Court sentenced him on May 31, 2013 to a total period of forty-four years at Level V incarceration, to be suspended after serving fifteen years in prison for Level IV residential drug treatment and Level III probation. On January 12, 2017, the Superior Court modified Matthews' sentence because the residential drug treatment program identified

in his original sentencing order was discontinued. The Superior Court thus ordered Matthews to be placed in an alternative treatment program but reimposed all of the same terms of the original sentence. Matthews appeals the modified sentence order.

(2) Matthews' counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Matthews' counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. By letter, Matthews' attorney informed him of the provisions of Rule 26(c) and provided Matthews with a copy of the motion to withdraw and the accompanying brief. Matthews also was informed of his right to supplement his attorney's presentation. Matthews has not raised any issues for this Court's consideration. The State has responded to the position taken by Matthews' counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine

2

whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]

(4) This Court has reviewed the record carefully and has concluded that Matthews' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Matthews' counsel has made a conscientious effort to examine the record and the law and has properly determined that Matthews could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

Justice

---

[*]*Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

3